IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN PATRICK JARRARD, #305669, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-CV-949-ECM-SMD |
| | ) |
| JAMES BRAZIER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an Amended Complaint filed by Plaintiff, an indigent state inmate, in which he complains that he injured his left index finger on September 17, 2017, while confined at the Houston County Jail. (Doc. 5) at 2–3. Specifically, he alleges that his finger "was smashed in the cell door due to a faulty hydraulic door stopper." (Doc. 5) at 3.

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claim for relief. In these filings, Defendants deny they acted in violation of Plaintiff's constitutional rights and further argue that this case is due to be dismissed because prior to filing this cause of action, Plaintiff failed to properly exhaust the administrative remedy available to him at the Houston County Jail with respect to the claim presented in the complaint. (Doc. 18) at 5–7. Defendants base their exhaustion defense on

Plaintiff's failure to file a grievance regarding the claim presented in this case. (Doc. 18-4) at 2; (Doc. 18-5) at 2. Defendants further argue that because Plaintiff did not file a grievance within the time required by the grievance procedure, he "failed to exhaust his remedies and can never exhaust them." (Doc. 18) at 7.

Upon review of Defendants' special report, the Court issued an order providing Plaintiff an opportunity to file a response to the report in which he was specifically directed to address "the defendants' argument[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. (Doc. 22) at 1. The Order also advised Plaintiff that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials. (Doc. 22) at 3. In addition, the order cautioned Plaintiff that unless "<u>sufficient legal cause</u>" is shown within fifteen (15) days of entry of this order "<u>why such action should not be undertaken</u>, . . . the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the special report[] and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." (Doc. 22) at 4 (footnote omitted). The time allowed Plaintiff to file a response to the Order expired on March 18, 2019. To date, Plaintiff has filed no response to the arguments set forth by Defendants as required by the March 1, 2019 Order.

2

Based on the foregoing, the Court finds it appropriate to treat the special report filed by Defendants (Doc. 18) as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on Defendants' Motion to Dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section

3

> 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade Cty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004); *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The Court will therefore "resolve this issue first." *Myles*, 476 F. App'x at 366.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 F. App'x at 366 (internal quotation marks omitted) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). Consequently, a district court "may resolve

disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535 (internal citations omitted). Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or other factfinder]." *Id*.

Upon review of the Amended Complaint, Defendants' special report and the undisputed evidentiary materials filed in support thereof, the Court concludes that Defendants' Motion to Dismiss is due to be granted.

### III. DISCUSSION

Plaintiff complains of an injury suffered during his prior incarceration at the Houston County Jail. In response to the complaint, Defendants assert that this case is subject to dismissal because Plaintiff failed to properly exhaust the administrative remedy provided at the jail prior to filing the instant complaint as required by the PLRA, 42 U.S.C. § 1997e(a).

The PLRA compels exhaustion of all available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation, and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "sufficient power or force to achieve an end, [or is]

capable of use for the accomplishment of a purpose[.]" *Booth*, 532 U.S. at 737 (internal quotation marks omitted). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90–91, 93.

The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83–84; *Bryant*, 530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d

7

at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Houston County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. (Doc. 18-2) at 8. In addition, the undisputed evidentiary materials filed by Defendants demonstrate that Plaintiff had access to the grievance procedure at all times while confined in the Houston County Jail, i.e., the grievance procedure was available to him throughout his confinement in the jail. The grievance procedure applicable to the claim presented by Plaintiff allowed him the opportunity to submit grievances to jail personnel with respect to matters/conditions occurring at the Houston County Jail. The grievance procedure provides as follows:

> 1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.
>
> 2. Complete the grievance providing as much detail as possible in the space provided for the inmate. Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person. The grievance must be submitted within three days of the event that is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievances that do not conform to policy are returned without the grievance issue being addressed.

    3. The Grievance Deputy has 15 days to investigate and answer the grievance.

    4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking sheriff's office personnel for an appeal form. The completed grievance appeal form shall be placed in the secure box. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The sheriff's office member hearing the appeal will have 30 days to answer the appeal.

    5. If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third, and final appeal. The Jail has a three appeal process and the response to the third appeal is the final decision.

    6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff. The sheriff staff member will immediately notify a supervisor who will investigate the emergency grievance. An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.

    7. All grievances are tracked to ensure that (1) inmates grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

The record before the Court demonstrates that Plaintiff had an administrative remedy available to him during his confinement in the Houston County Jail. The undisputed evidentiary materials filed by the defendants further establish that Plaintiff failed to properly exhaust this remedy prior to filing this federal civil action. Specifically, despite the availability of a grievance procedure and his access thereto, Plaintiff did not file a grievance addressing the alleged injury to his finger caused by the malfunctioning door in accordance with the jail's grievance procedure. It is likewise undisputed that the

9

facility's administrative remedy is no longer available to Plaintiff because the time limit applicable to filing a grievance, i.e., three days from the date of incident, has long since expired.

Plaintiff does not dispute that he failed to exhaust the administrative remedy provided to him by Defendants while such remedy was available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' Motion to Dismiss (Doc. 18) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust the administrative remedy previously available to him at the Houston County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3. Other than the filing fee assessed in this case, no further costs be taxed herein.

The parties may file objections to this Recommendation **on or before June 7, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are cautioned that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 24th day of May, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE